IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY BAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0718-MJR |
| | ) |
| RANDY GROUNDS, | ) |
| and DANA TYLKA, | ) |
| | ) |
| Defendants. | ) |

ORDER ON THRESHOLD REVIEW

**REAGAN, District Judge:**

A.  Introduction

Plaintiff Johnny Bair brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while he was housed at Robinson Correctional Center ("Robinson"). At the time the complaint was filed, Plaintiff was serving a 15-year sentence for armed robbery and a 6-year sentence for aggravated unlawful use of a weapon.[1] After being granted in forma pauperis status, Bair filed an amended complaint, naming two Defendants – the Warden and Assistant Warden of Robinson – Randy Grounds and Dana Tylka.

This case is before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A, which provides that the district court must promptly review complaints in which a prisoner seeks redress from a governmental entity, officer or employee, and the court must identify cognizable claims and dismiss the complaint (or any portion of it), if the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, **490 U.S. 319, 325 (1989).** An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is

---

[1] Plaintiff Bair advised the Clerk's Office of this Court in March 2012 that he has been paroled and is now living in Chicago, Illinois (*see* Doc. 8).

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the Court construes the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in his favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1141 (2010). The Court also bears in mind that pro se complaints must be liberally interpreted, i.e., held to a "less stringent standard than formal pleadings drafted by lawyers." *Maddox v. Love,* 655 F.3d 709, 718 (7th Cir. 2011).

Upon careful review of Plaintiff's complaint, the Court concludes that portions of this action merit dismissal under § 1915A.

B.  <u>Analysis</u>

Plaintiff alleges that on September 3, 2009, he suffered a broken leg after falling while running on Robinson's gymnasium floor. He claims that the floor was in such a state of disrepair that it caused his fall, that his fall was foreseeable by the Warden and Assistant Warden ("Defendants"), and that the floor caused injuries to other inmates after Plaintiff sustained his injury. Plaintiff further alleges that Defendants believe the floor is safe and have made no efforts to repair or close it. Plaintiff maintains that this constitutes deliberate indifference to his medical needs. He seeks both compensatory damages and injunctive relief.

Construing Plaintiff's allegations liberally, the Court concludes that he has not stated a facially plausible claim for deliberate indifference to a serious medical need under the Eighth Amendment (or any other constitutionally-protected claim). Prisoners must be afforded adequate food and facilities to wash, as the "minimal civilized measure of life's necessities." *Jaros v. Illinois Department of Corrections,* 684 F.3d 667, 670 (7th Cir. 2012), *quoting Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Plaintiff Bair does not allege that he was deprived of any of these necessities. The wanton infliction of pain violates the Eighth Amendment, *see Forrest v. Prine,* 620 F.3d 739, 744 (7th Cir. 2010), but Bair does not allege that Defendants subjected him to such pain. Prison officials must take reasonable measures to ensure inmates' safety, but liability attaches only if officials both knew of and disregarded an excessive risk to inmate health or safety. *Boyce v. Moore,* 314 F.3d 884, 888 (7th Cir. 2002). Bair has not alleged that Defendants knew of and disregarded a substantial risk to his health and safety.

Conduct "that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Guitron v. Paul,* 675 F.3d 1044, 1045 (7th Cir. 2012). Stated another way, deliberate indifference "describes a state of mind more blameworthy than negligence … [and] Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"

*Farmer v. Brennan,* **511 U.S. 825, 835 (1994),** *quoting Whitley v. Albers,* **475 U.S. 312, 319 (1986).**

While Plaintiff alleges that Grounds and Tylka now are aware that the gymnasium floor poses a danger to inmates, he does not allege that they were aware of this danger before he fell. The closest he comes is the allegations that his injuries were foreseeable, but this adds up to ordinary negligence or lack of due care, which is not enough to state a claim for a constitutional violation. The complaint, as drafted, does not plausibly allege that, at the time Plaintiff's injury occurred, Defendants Grounds and Tylka were aware of facts from which the inference could be drawn that the gym floor posed a substantial risk of serious harm *and* that they also drew that inference. *See, e.g., Farmer,* **511 U.S. at 837.** Here, Plaintiff has not alleged that Defendants knew of and disregarded an excessive risk to his health and safety. *See Christopher v. Buss,* **384 F.3d 879, 882 (7th Cir. 2004).** Accordingly, Plaintiff's complaint fails to state an Eighth Amendment claim. To the extent Plaintiff requests compensatory damages, his complaint is dismissed without prejudice, and he will be given an opportunity to amend his complaint.

Complaining that Defendants still have not repaired or closed the gym floor, Plaintiff also requested injunctive relief (the best the Court can glean, injunctive relief in the form of directing Defendants to repair or close Robinson's gym floor). Injunctive relief is inappropriate when a prisoner is no longer in prison. *See, e.g., Grayson v. Schuler,* **666 F.3d 450, 451 (7th Cir. 2012)(Once inmate plaintiff was released from prison, his injunctive claim was rendered moot, and he was "left with his personal-capacity damages claim under section 1983.");** *Lehn v. Holmes,* **364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").** There is an exception to this general rule for cases capable of repetition yet evading review, *see Murphy v. Hunt,* **455 U.S. 478, 482 (1982)**, but that exception has no application here. Plaintiff Bair has been paroled, and his claim for injunctive relief must be dismissed as moot.

C. Conclusion

Plaintiff's request for injunctive relief is hereby **DISMISSED as moot**. As to his request for damages, Plaintiff's complaint fails to state a claim on which relief can be granted and is **DISMISSED without prejudice.** If Plaintiff wants to proceed on his claim for damages, he must file a Second Amended Complaint by September 4, 2012. Failure to do so will result in dismissal of this case under Federal Rule of Civil Procedure 41(b). The dismissal shall be with prejudice and *may* count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

The Second Amended Complaint shall contain only the claims regarding his request for damages and must stand on its own, totally replacing the original and first amended complaints.

IT IS SO ORDERED.

DATED August 8, 2012.

>                           s/ *Michael J. Reagan*
>                           Michael J. Reagan
>                           United States District Judge